Howedd, J.
This is an appeal from an order of seizure and sale, and is taken by the attorney appointed to represent the defendant, who is alleged in the petition to be absent, and not represented in the State.
The grounds of complaint are:
1. That there is no proof that the defendant is absent, and not represented.
To this, it is successfully replied, that the Art. 737, C. P., under which the appointment of an attorney was made, does not require the plaintiff to make oath of the fact of absence, as contended for, and it is not suggested that authentic evidence of such fact is required; nor is it intimated that the defendant is not absent.
The article in question simply provides that, if the debtor, who has granted the mortgage, is absent and not represented in the State, the Judge, al the request of the plaintiff, shall appoint him an attorney, to whom notice of the demand shall be given in the manner directed, and contrarily with whom the seizure and sale shall be prosecuted. It does not say on proof of the absence, and we are not informed of any law requiring such antecedent proof. The analogy to the conservatory writs is not maintained, as, in those proceedings, facts to be verified by oath are made by law a basis of the writ.
2. That the assignment of the notes to plaintiff is absolutely null and void, having been made by a tutor to his ward, previous to the rendering *81 of a full account and delivery of vouchers, under tho provisions of Art. 355, C. C.
The nullity declared by this article is relative, not absolute, and is iu the interest of tho minor, and cannot be urged in this instance, as it is the minor, now of age, who is seeking the benefit of the alleged agreement, by which a partial payment or advance was made to him. 9 L. 305. 10 ' L. 268. 1 A. 35.
3. That there is no authentic proof of plaintiff’s subrogation to tho rights of mortgage.
The transfer of the note was by notarial act, and by Art. 2615, the mortgage, as the accessory, was included.
Wo consider it unnecessary to pass upon the question of the want of a stamp, as it is not properly presented by the record.
Judgment affirmed,